Jonathan A. Dessaules, State Bar No. 019439
Ashley C. Hill, State Bar No. 032483
Jesse Vassallo Lopez, State Bar No. 033961
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
ahill@dessauleslaw.com
jvassallo@dessauleslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Janis Wolf, individually and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Carpenter, Hazlewood, Delgado & Bolen, LLP,<br><br>    Defendant. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Janis Wolf ("Wolf"), individually and on behalf of those similarly situated, alleges the following against Defendant Carpenter, Hazlewood, Delgado & Bolen, LLP ("CHDB" or "Defendant"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"):

**PRELIMINARY STATEMENT**

1. Wolf brings this class action under the FCRA on behalf of consumers whose credit reports CHDB obtained, without a legitimate purpose or consent, prior to obtaining a judgment against a consumer, in violation of 15 U.S.C. § 1681b(a). CHDB's deliberate practice of obtaining consumers' credit reports, a practice commonly referred to as a "hard inquiry," was undertaken for improper and unlawful purposes (*e.g.*, evaluating a consumer's collectability in a

potential collection lawsuit), invaded consumers' privacy rights, and damaged their credit scores and reputations.

## PARTIES AND JURISDICTION

2. Wolf is a consumer, as that term is defined in 15 U.S.C. § 1681a(c), who resides in Arizona who brings this suit individually and on behalf of a class of similarly situated consumers whose credit reports CHDB obtained in violation of the FCRA.

3. CHDB is an Arizona limited liability partnership with its principal place of business in Arizona. CHDB is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

4. Jurisdiction exists in this Court with respect to Wolf's FCRA claims pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because CHDB regularly and systematically transacts business in Arizona, CHDB may be found in Arizona Court, and a substantial part of the events giving rise to this action originated in or occurred within the District of Arizona.

## GENERAL ALLEGATIONS

6. On or about September 13, 2019, CHDB obtained Wolf's credit report via a "hard inquiry." This resulted in a decrease in Wolf's credit rating.

7. On or about October 28, 2019, CHDB again obtained Wolf's credit report via a "hard inquiry." This second inquiry resulted in a decrease in Wolf's credit rating.

8. A hard inquiry reduces a consumer's credit score, remains on credit reports for two years, and often contains confidential and personal information. A hard inquiry also appears on credit reports to any inquiring party.

9. Each hard inquiry appears as a separate inquiry.

10. With respect to both occasions in 2019 that CHDB obtained Wolf's credit report, CHDB did not have written consent of Wolf to obtain her credit report. At both times that CHDB obtained Wolf's credit report, CHDB also (a) did not intend to use the information

therein for employment purposes, (b) did not intend to use the information in the credit report in connection with a credit transaction involving Wolf and involving the extension of credit to, or review or collection of an account of, Wolf, and (c) did not otherwise have a legitimate business need for the information—(i) in connection with a business transaction initiated by Wolf or (ii) to review an account to determine whether Wolf continued to meet the terms of the account.

11. CHDB acted unlawfully when it twice obtained Wolf's credit report in 2019.

12. CHDB acted willfully in obtaining Wolf's credit report on both occasions.

13. Upon information and belief, CHDB obtained Wolf's credit report for the sole reason of evaluating whether and when to file a lawsuit against Wolf and ascertaining its chances of collection in said lawsuit.

14. CHDB acted in deliberate disregard for its agreements with and obligations to the credit agencies in obtaining Wolf's credit report on both occasions that it obtained it in 2019.

15. CHDB also disregarded established Ninth Circuit law in obtaining Wolf's credit report on both occasions that it obtained it in 2019.

16. CHDB's actions are, upon information and belief, part of a practice of obtaining credit reports of consumers in deciding whether to file collection lawsuits. CHDB files hundreds, if not thousands, of lawsuits each year in Arizona, California, Colorado, Nevada, Texas, and other states in which it or its lawyers practice law and, upon information and, upon information and belief, CHDB has engaged in the practice of obtaining credit reports in advance of filing lawsuits in an unknown number of these lawsuits.

### CLASS ACTION ALLEGATIONS

17. Wolf seeks certification of a class action with respect to the following class:

> All persons within the United States whose credit report CHDB obtained in the two-year period preceding the filing of the complaint in this action up to and through the date of class certification without a permissible purpose in violation of 15 U.S.C. § 1682b and against whom CHDB did not first obtain a judgment (the "Class").

18. Wolf alleges that the putative members of the above class are so numerous that individual joinder of all members is impracticable and the exact number of class members in the Class is presently unknown to Wolf and can only be reasonably ascertained through discovery. Upon information and belief, class members are readily identifiable in CHDB's business records.

19. Common questions of law and fact exist in this case, namely whether CHDB obtained credit reports without a permissible purpose or written consent of the consumer. These common questions clearly predominate over questions that may affect individual class members such that each class member's claims arise from the same unlawful conduct, practices, and procedures and involve a consideration of principally the same evidence.

20. Wolf shares the same interests, has suffered the same injuries as each putative class member, and seeks identical relief on behalf of the unnamed class members. Namely, CHDB routinely obtains credit reports of consumers against whom it is evaluating whether to file a collection lawsuit and with no permissible purpose. The FCRA violations suffered by Wolf are typical of the harm suffered by the class members. The FCRA further provides for statutory and punitive damages, rendering unnecessary any individualized consideration of the harm each class member suffered.

21. Wolf will fairly and adequately represent, pursue, and protect the interests of the Class and serve as a class representative. Wolf's interests are united with the interests of the Class. Wolf is prepared to serve as the named class representative for the Class.

22. Plaintiff's counsel has considerable experience in litigating consumer protection and class actions and was previously appointed class counsel in a class action in the District of Arizona. Counsel will diligently pursue this action on behalf of the absent class members.

23. A class action is superior to individual actions because, *inter alia*, (a) the prosecution of separate actions by individual class members presents a risk of inconsistent or varying outcomes based on the same facts and law; (b) individual claims by the absent class

members is impracticable; (c) many absent class members are unaware of the FCRA violations; and (d) a class action promotes judicial economy.

24. Class certification is appropriate under Fed. R. Civ. P. 23(b).

## COUNT ONE

### VIOLATION OF 15 U.S.C. § 1682n

25. Wolf incorporates all of the above allegations as if set forth fully herein.

26. Wolf and the Class are "consumers" as that term is defined in 15 U.S.C. § 1682a.

27. CHDB is a "person" as that term is defined in 15 U.S.C. § 1682a.

28. Section 1682b(a) provides that companies that contract with credit reporting agencies to obtain credit reports on consumers, such as CHDB, may only obtain a consumer's credit report in certain circumstances "and no other."

29. The authorized circumstances in which CHDB may obtain a consumer's credit report include where the consumer has given written consent. *See* 15 U.S.C. § 1682b(a)(2). Wolf and the Class did not give written consent for CHDB to obtain their credit reports.

30. The authorized circumstances in which CHDB may obtain a consumer's credit report include where it "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *See* 15 U.S.C. § 1682b(a)(3)(A). Wolf and the Class were not involved in a credit transaction with CHDB or that involved the extension of credit to, or review or collection of an account of, a consumer.

31. The authorized circumstances in which CHDB may obtain a consumer's credit report include where it has a legitimate business need for the information "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." *See* 15 U.S.C. § 1682b(a)(3)(F). CHDB did not have a legitimate business need.

32. CHDB meets no other circumstances enumerated in § 1682b(a).

5

33. CHDB violated 15 U.S.C. § 1682b(a) by obtaining credit reports without consent or a permissible purpose.

34. The Ninth Circuit has consistently interpreted the FCRA for nearly thirty years as prohibiting debt collectors and others from obtaining credit reports of a prospective litigant to assess whether and when to file a lawsuit and whether a future defendant is collectible. *See, e.g.*, *Mone v. Dranow*, 945 F.3d 306, 308 (9th Cir. 1991) ("[d]etermining whether an adverse party in litigation will be able to satisfy a judgment is plainly a purpose unrelated to 'an individual's eligibility for credit, insurance or employment'"); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010) (holding that debt collector, to pull credit, must first have a valid judgment); *Hasburn v. County of Los Angeles*, 323 F.3d 801 (9th Cir. 2003) (same).

35. Upon information and belief, CHDB was also required to meet certain education or training requirements in order to be permitted to obtain consumer credit reports from the credit reporting agencies that restated the limitations of the FCRA as circumscribed by the Ninth Circuit.

36. CHDB knew it was not authorized to obtain Wolf and the class members' credit reports.

37. Accordingly, CHDB's violations of 15 U.S.C. § 1682b were willful and done in deliberate and conscious disregard for well-established law, including the Ninth Circuit authority cited above, and with knowledge that its actions contravene the rights of consumers under the FCRA or with reckless disregard for whether its actions contravene those rights.

38. Wolf as well as each class member is entitled to the following relief § 1682n:

    a. Statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

      c.      The costs of the action and reasonable attorneys' fees as determined by the court.

WHEREFORE, Wolf, on behalf of herself and all others similarly situated, prays for a judgment against CHDB awarding statutory damages, punitive damages, costs and attorneys' fees, and such other relief as the Court deems just and proper.

DATED this 15th day of May 2020.

                                DESSAULES LAW GROUP

                  By:   /s/ Jonathan A. Dessaules
                         Jonathan A. Dessaules
                         Ashley C. Hill
                         Jesse Vassallo Lopez
                         *Attorneys for Plaintiff*