**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janis Wolf, | No. CV-20-00957-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Carpenter Hazlewood Delgado & Bolen LLP, | |
| Defendant. | |

Plaintiff accuses Defendant of violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(a), by obtaining her credit report without a legitimate purpose or consent, and prior to obtaining a judgment against her. Her complaint demands statutory and punitive damages. Plaintiff seeks to litigate this case as a class action on behalf of others whose credit reports Defendant obtained under similar circumstances. (Doc. 1.)

Defendant has moved to stay this action in its entirety, or alternatively to stay briefing and consideration of Plaintiff's class certification motion, pending a decision by the United States Supreme Court in *TransUnion, LLC v. Ramirez* ("*Ramirez*"), Docket No. 20-297. (Doc. 22.) The Supreme Court recently granted certiorari in *Ramirez*, oral argument is scheduled for March 30, 2021, and a decision likely will issue by the end of this term. Defendant argues that a stay is appropriate because "a ruling in *Ramirez* could have a direct impact on this litigation, and more specifically on this Court's ability to certify a purported class as Plaintiff requests[.]" (*Id.* at 1-2.) To determine whether a decision in *Ramirez* will have a meaningful impact on this litigation, the Court first must determine

what is at issue in *Ramirez*.

Sergio Ramirez brought a class action on behalf of himself and other similarly situated consumers, accusing TransUnion of violating the FCRA, §§ 1681e(b), (g)(a)(1), and (g)(c)(2), by incorrectly placing terrorist alerts on the front page of the consumers' credit reports and subsequently sending those consumers confusing and incomplete information about the alerts and how to get them removed. *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1016, 1022 (9th Cir. 2020). A jury found in favor of the class and awarded statutory and punitive damages. *Id.* at 1022. On appeal to the Ninth Circuit, TransUnion argued, among other things, that none of the class members except for Ramirez had Article III standing, and that the district court should not have certified the class because Ramirez's injuries were atypical of those suffered by the class. *Id.* at 1022, 1033.

On the first question, the Ninth Circuit held that every class member must have standing to recover damages at the final judgment stage, and that Ramirez and every class member had standing under the facts of the case. *Id.* at 1030. On the second question, the Ninth Circuit acknowledged that Ramirez's injuries were more severe than the injuries suffered by the rest of the class. For example,

> Ramirez's credit report with the false . . . alert was sent to a third party; Ramirez's alert stated that he was a match instead of a potential match; Ramirez was denied credit because of the alert; he canceled a vacation because of the alert; and he spent significant time and energy trying to remove the alert, including hiring a lawyer. In contrast, only a quarter of the other class members had their credit reports sent to a third party during the class period, and there was no evidence regarding whether other class members had experiences similar to Ramirez's as a result of the alerts.

*Id.* at 1033. But the Ninth Circuit held that these differences did not defeat typicality. Although Ramirez's injuries were "slightly more severe than some class members' injuries," they still arose from the same practice that gave rise to the claims of the other class members, and Ramirez's claims were based on the same legal theory. *Id.* The Ninth Circuit reasoned that Ramirez's "injuries were not so unique, unusual, or severe to make him an atypical representative of the class." *Id.*

TransUnion successfully petitioned the Supreme Court for a writ of certiorari. The question TransUnion has presented to the Supreme Court is "[w]hether either Article III or Rule 23 permits a damages class action where the vast majority of the class suffered no actual injury, let alone an injury anything like what the class representative suffered." Brief for Petitioner in *Ramirez*, *available at* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-297.html. This, however, is a textbook example of a loaded question, in that its premise presumes (inaccurately) that the Ninth Circuit held that Article III permits a damages class action where the vast majority of the class suffered no actual injury, and that Federal Rule of Civil Procedure 23 permits a damages class action where the vast majority of the class suffered injuries unlike anything that the class representative suffered. But the Ninth Circuit held no such thing. To the contrary, the Ninth Circuit held that every member of the class did, in fact, suffer an actual injury for purposes of Article III, and that Ramirez's injuries were sufficiently typical of those suffered by the class for purposes of Rule 23. TransUnion's merits brief before the Supreme Court argues that these holding were wrong; it does not argue against holdings that the Ninth Circuit never made. Accordingly, in *Ramirez*, the Supreme Court will be deciding whether the Ninth Circuit erred when it concluded that (1) the class members suffered Article III injuries and (2) the class representative's injuries were typical of those suffered by the class.

The Supreme Court's resolution of the first question will not meaningfully impact this litigation. *Ramirez* does not concern alleged violations of § 1681b(a) (which is at issue here) and therefore does not speak to whether consumers suffer Article III injuries when that section is violated. This precise issue instead is addressed by an earlier Ninth Circuit decision, *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019). There, the Ninth Circuit held § 1681b(a) protects a consumer's substantive right to privacy, and therefore a consumer "has standing to vindicate her right to privacy under the FCRA when a third-party obtains her credit report without a purpose authorized by the statute, regardless whether the credit report is published or otherwise used by that third-party." *Id.*

at 490-93. Defendant argues that *Nayab*'s holding has been undermined by the Supreme Court's decision last term in *Thole v. U.S. Bank N.A*, 140 S. Ct. 1615 (2020), but that's an argument Defendant can make now, either in a dispositive motion or in a brief opposing class certification. Whether *Nayab* remains good law after *Thole* does not depend on the Supreme Court's impending decision in *Ramirez*.

Nor is the Court persuaded that the Supreme Court's resolution of the second question will meaningfully impact this case. Even if the Supreme Court were to reverse the Ninth Circuit and hold that Ramirez's injuries were atypical of those suffered by the class as a whole, here there is far less daylight between the injuries alleged by Plaintiff and those allegedly suffered by the putative class. Defendant highlights that, unlike the putative class members, Plaintiff claims that Defendant's hard credit inquiries might have caused her to be denied an improved interest rate on a credit card (though she is not certain if a causal relationship exists between the two). (Doc. 21-1 at 29-30.) This discrepancy is minor when compared to the differences between Ramirez's injuries and those suffered by the class in that case. To be clear, the Court is not prejudging the typicality question. Defendant remains free to argue in opposition to class certification that Plaintiff's injuries are atypical of those suffered by the putative class, and the Court will resolve that question on its merits in the specific context of this case. The Court merely finds that the allegations in this case are sufficiently distinguishable from the facts in *Ramirez* that the Supreme Court's forthcoming decision, even if favorable to TransUnion, will not meaningfully impact this litigation.

**IT IS ORDERED** that Defendant's motion to stay (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant has **7 days** from the date of this order in which to file a response to Plaintiff's motion for class certification (Doc. 21).

Dated this 10th day of February, 2021.

Douglas L. Rayes
United States District Judge